IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>vs.<br><br>BRADLEY MORGAN HOLTS,<br><br>        Defendant. | NO.1:23-CV-00081-MJT |

**REPORT AND RECOMMENDATION GRANTING MOTION FOR DEFAULT JUDGMENT**

This case is assigned to the Honorable Michael Truncale, United States District Judge. On August 16, 2023, Judge Truncale referred the Plaintiff U.S. Securities and Exchange Commission's (SEC) *Motion for Default Judgment* for consideration and disposition. (Doc. Nos. 7, 8); *see also* 28 U.S.C. § 636(b)(1)(A) *et seq*. The SEC requests a default judgment against the Defendant, Bradley Morgan Holts, in the amount of $186,382 along with injunctive relief, disgorgement, civil penalties, interest and the creation of a Fair Fund. For the reasons stated below, the undersigned recommends granting the motion.

    *I.*    *Background*

On February 27, 2023, the SEC filed its complaint alleging that Holts, as a stockbroker, falsely represented to three elderly customers that he would add additional investments made through him to their existing mutual fund accounts. Instead, Holts misappropriated approximately $186,382 from the three customers, spent all the funds on his personal expenses, and no customer received a return of their investment.

The SEC served the summons and complaint by personally serving Holts on April 14, 2023 in the 279th District Court of Jefferson County, Texas. Doc. 4. Pursuant to Fed. R. Civ. P.

12(a)(1)(A)(i), Holts' answer was due within 21 days of service—on or before May 5, 2023. However, Holts did not answer or otherwise respond to the Complaint. Doc. No. 5-1, ¶6. The SEC applied for, and the Clerk entered, default against Holts on May 9, 2023. Doc. Nos. 5, 6. The SEC now seeks entry of Final Judgment against Holts, permanently enjoining him from violating the anti-fraud provisions of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. The SEC also seeks monetary remedies against Holts of $186,382 in disgorgement plus prejudgment interest of $18,005.31, and a civil penalty of $186,382.

## II. Discussion

Rule 55 of the Federal Rules of Civil Procedure sets forth a procedure by which litigants may seek entry of a default judgment. See FED. R. CIV. P. 55. The Fifth Circuit employs a three-step analysis for determining when entry of a default judgment is appropriate. *Lester v. Lester*, No. 3-06-CV-1357-O, 2008 WL 5110842, at *2 (N.D. Tex. Dec. 4, 2008) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). First, a default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141; *Lester*, 2008 WL 5110842, at *2. Second, when the default is established by affidavit or otherwise, an entry of default is entered by the clerk. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141; *Lester*, 2008 WL 5110842, at *2. Third, after the default is entered, a plaintiff may apply for a default judgment. FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141; *Lester*, 2008 WL 5110842, at *2.

Holts failed to plead or otherwise respond within the time required by Rule 12, which

provides that a defendant's answer must be filed within twenty-one (21) days after being served with the summons and complaint. FED. R. CIV. P. 12(a)(1)(A)(i). Because Holts was served on April 14th, 2023, his answer was due on May 5, 2023. Id. To date, Holts has not filed any responsive pleadings or otherwise appeared in this action. Accordingly, the Clerk properly entered default on May 9, 2023. Doc. No. 6.

Entry of a default judgment is completely within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973). Prevailing law of the Fifth Circuit sets forth factors for courts to consider when determining whether to enter default judgment:

> Relevant factors include (1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893 (citation omitted).

    A.    Factor One: Issues of Material Fact

In the present case, the facts asserted in the complaint are well-pled, and there are no unresolved issues of material fact. By failing to answer the complaint, Holts admits the well-pleaded factual allegations and "[is] barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Once a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages. *See Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992) ("Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be

taken as true as a consequence of the default."). On this basis, the court may lawfully enter a default judgment. *See Thomas v. Wooster*, 114 U.S. 104, 113 (1885) (default judgment may be lawfully entered "according to what is proper to be decreed upon the statements of the bill, assumed to be true").

        B.        Factors Two & Five: Substantial Prejudice or Harshness of Default Judgment

Holts will not suffer substantial prejudice by entry of a default judgment. He has not filed an answer or otherwise defended this matter, nor has he indicated that he will appear or otherwise respond. Taking the well-pled facts of the complaint as true, the SEC has asserted meritorious claims under Section 10(b) of the Exchange Act, Rule 10b-5, and Section 17(a) of the Securities Act. *See* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5; 15 U.S.C. § 77q(a). As alleged in the pleadings, Holts has not compensated the victim investors for their significant economic loss. Nothing in the record indicates a default judgment will substantially prejudice Holts. His dilatoriness and noncompliance establish that any substantial prejudice or harshness in entering default is clearly outweighed by the prejudice to the investors or the SEC if the court fails to enter judgment in its favor.

        C.        Factor Three: Grounds for Default Clearly Established

As shown by affidavit submitted by the SEC, Holts has failed to plead or otherwise defend this lawsuit. The Clerk appropriately entered a default against Holts, and the SEC has filed a motion for default judgment. The SEC filed a sworn statement verifying that he does not appear to currently serve in the military and that he is not a minor or incompetent person. *Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp.2d 782, 783 (E.D. Tex. 2006) (citing 50 U.S.C. app. § 521(b)(1)); Fed. R. Civ. P. 55(b)(2)). Moreover, the SEC has provided an affidavit showing the amount due for a sum certain, dispensing with the requirement for a hearing to determine damages.

Fed. R. Civ. P. 55 (b)(1), (2). Thus, the requirements of Rule 55 are satisfied, and the court may consider default judgment.

    D.    Factors Four & Six: Excusable Neglect, Good Faith Mistake, and Setting Aside Default

The record is devoid of any excusable neglect or good faith mistake on behalf of Holts. In any event, he will still have the ability to show excusable neglect or good faith mistake to set the default judgment aside. *See* FED. R. CIV. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).")

    III.  *Damages*

The SEC requests the following in damages and other relief:

- Disgorgement of $186,382.00;

- Civil penalty of $186,382.00;

- Prejudgment interest in the amount of $18,005.31;

- Permanent injunction from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud' (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; and

- Permanent injunction from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (a) to employ any device, scheme, or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the

purchaser.

The undersigned finds the SEC has shown it is entitled to such relief in its *Motion for Default Judgment*.

### IV. Conclusion

The SEC has met all procedural and substantive requirements for obtaining a default judgment. Moreover, the substantive relief requested is appropriate. Accordingly, the SEC is entitled to a final default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

### V. Recommendations

(1)   For these reasons, the court should grant the SEC's *Motion for Default Judgment* (Doc. No. 7).

(2)   The court should render a default judgment in favor of the SEC as reflected in its proposed *Final Judgment*. *See* Doc. No. 7-3.

### VI. Objections

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy

of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 28th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge